IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA Y.,<br><br>             Claimant,<br><br>    v.<br><br>LELAND DUDEK,<br>Acting Commissioner of Social Security,<br><br>             Respondent. | No. 22 C 705<br><br>Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM OPINION AND ORDER**

Cynthia Y.[1] ("Claimant") seeks judicial review of the final decision of the Acting Commissioner of the Social Security Administration[2] ("Commissioner"), denying her applications for disability insurance benefits and supplemental security income for a closed period from May 28, 2014 through October 3, 2019. The parties consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). [ECF No. 5]. After reviewing the record and the parties' arguments, Claimant's Brief in Support of Reversing the Decision of the Commissioner of Social Security [ECF No. 10] is granted, and the Commissioner's Motion for Summary Judgment [ECF No. 13] is denied. This case is

---

[1] In accordance with Northern District of Illinois Local Rule 8.1, the Court refers to Claimant only by her first name and the first initial of her last name.

[2] Leland Dudek was appointed as the Acting Commissioner of Social Security on February 16, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he automatically is substituted as the named defendant in this case.

remanded to the Social Security Administration for further proceedings consistent with this Opinion.

## BACKGROUND

**I.  Procedural History**

On August 30, 2016, Claimant filed an application for a period of disability and disability insurance benefits and two months later, on November 3, 2016, filed an application for supplemental security income. (R.13). In both applications, Claimant alleged a disability beginning May 28, 2014. (R.13). The applications were denied initially and on reconsideration after which Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (R.13). A telephonic hearing was held on October 4, 2018, and the ALJ issued a decision on February 14, 2019, denying benefits. (R.12-26). The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (R.1, 26),

Claimant sought review in federal district court pursuant to 42 U.S.C. § 405(g), and this Court remanded the case back to the Social Security Administration for further consideration. (R.1437-1441). A second hearing was held on July 28, 2021 before a new ALJ, at which Claimant appeared and testified and was represented by counsel. (R.1449). A vocational expert also testified during the hearing. (R.1449). The ALJ granted Claimant's request to amend her claim for benefits for a closed period of alleged disability from May 28, 2014 to October 3, 2019, because Claimant had returned to work after medical improvement. (R.1449). On October 12, 2021, the ALJ issued a decision denying benefits and finding Claimant was not disabled under the Social Security Act during the amended period. (R.1449-1465). Claimant filed another

lawsuit again seeking judicial review of the Commissioner's decision, and this Court has jurisdiction pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## II. The ALJ's Decision

Under the Social Security Act, disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Commissioner must determine whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairments or combination of impairments meet or equal any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform any past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and the burden shifts to the Commissioner at step five. *Gedatus v. Saul,* 994 F.3d 893, 898 (7th Cir. 2021); *Wilder v. Kijakazi,* 22 F.4th 644 (7th Cir. 2022). A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

Applying the five-part test in this case, the ALJ found at step one that Claimant had engaged in substantial gainful activity from October 4, 2019 through the date of the ALJ's decision, but she had not engaged in any substantial gainful activity during the closed period of alleged disability from May 28, 2014 through October 3, 2019. (R.1452). At step two, the ALJ found Claimant had the following severe impairments: lumbar spine degenerative joint disease, obesity, left shoulder impingement, left knee ligament sprain and partial tear, and left knee patellar tendinosis. (R.1452). At step three, the ALJ found that Claimant did not have any impairment or combination of impairments that met or equaled any of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 416.920(d), 416.925, and 416.926. (R.1455). With respect to Claimant's mental impairments, the ALJ undertook the paragraph B analysis[3] and determined that Claimant did not have any limitation in understanding, remembering or applying information and had mild limitations in interacting with others, in concentrating, persisting or maintaining pace, and in adapting and managing herself. (R.1454). Before step four, the ALJ determined:

---

[3] To determine whether a mental impairment meets or equals listing level severity at step three of the sequential analysis, a claimant must prove she meets the severity criteria of either paragraph B or C. 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04, 12.06. To satisfy the paragraph B criteria, a claimant must demonstrate an "[e]xtreme limitation of one, or marked limitation of two" of four areas: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting and managing oneself. *Id.* To evaluate these four areas, ALJs will investigate how an impairment interferes with a claimant's ability to function independently, appropriately, effectively, and on a sustained basis, as well as the quality and level of overall functional performance, any episodic limitations, the amount of supervision or assistance required, and the settings in which a claimant is able to function. 20 C.F.R. § 404. 1520a(c)(2).

4

> [C]laimant had the residual functional capacity from May 28, 2014 capacity to October 3, 2019 to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she could never climb ladders, ropes, or scaffolds or work at unprotected heights. She could not operate dangerous or moving machinery and could not operate foot controls. She could occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. She could no more than occasionally reach overhead bilaterally. She occasionally required a cane for ambulation in the workplace. She required the ability to alternate into a standing position once per hour for five minutes while remaining on task.

(R.1455-1456). At step four, the ALJ found that Claimant was cable of performing her past relevant work as an appointment clerk/timekeeper and as an administrative assistant. (R.1463). Based on these findings, the ALJ denied Claimant's applications for benefits and found her not disabled under the Social Security Act from May 28, 2014 through October 3, 2019. (R.1465).

## DISCUSSION

### I. Standard of Review

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision, therefore, is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the correct legal standard in reaching her decision. *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial

5

evidence is ... 'more than a mere scintilla.' ... It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). More specifically, the Seventh Circuit stated:

> All we required is that ALJs provide an explanation for how the evidence leads to their conclusions that is "sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." … At times, we have put this in the shorthand terms of saying an ALJ needs to provide a "logical bridge from the evidence to his conclusion."

*Id.* at 1054 (citations omitted). When conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a claimant is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990); *see also Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is entitled to benefits, the court must defer to the Commissioner's resolution of that conflict.") (internal quotations and citation omitted). The court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *See Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007); *see also Elder v. Astrue*, 529 F.3d 408, 413

(7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

## II. Analysis

Claimant argues the ALJ's decision cannot stand in this case because: (1) the ALJ erred in his assessment of Claimant's upper extremity limitations; (2) the ALJ erred by failing to assess Claimant's sitting limitations; and (3) the ALJ's symptom evaluation was legally insufficient. Claimant's Brief [ECF No. 10] at 6-14. At base, Claimant's arguments essentially challenge the ALJ's RFC determination as not supported by substantial evidence. The Court agrees with Claimant.

The RFC is the "assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at \*1 (July 2, 1996); *Mandrell v. Kijakazi,* 25 F.4th 514, 516 (7th Cir. 2022); *Jeske v. Saul,* 955 F.3d 583, 593 (7th Cir. 2020). The RFC is a determination of the maximum work-related activities a claimant can perform despite his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000-1001 (7th Cir. 2004). Social Security regulations require that the RFC assessment is "based on all the relevant evidence in the record." *Id.* at 1001, citing 20 C.F.R § 404.1545(a)(1).

As noted above, the ALJ found that Claimant was capable of performing sedentary work with additional limitations. Although both the state agency

7

physicians concluded that Claimant could perform work at the light exertional level with other differing limitations (R.1462-1463), the ALJ did not give full credit to their opinions. Instead, the ALJ found Claimant had greater limitations and only was capable of sedentary work, stating "the stress of the claimant's morbid obesity, when combined with her lumbar degenerative disc disease and her left knee impairment, limit her to sedentary work." (R.1462). Although he considered Claimant's obesity and back and knee pain when limiting her to sedentary work, the ALJ did not address Claimant's ability to sit for a sustained period of time to be able to perform sedentary work. Although the ALJ concluded that Claimant could sit for an extended period of time consistent with sedentary work, he did not explain how he reached that conclusion nor did he cite the record evidence on which he relied. This was an error, particularly in light of the evidence in the record that Claimant, in fact, had difficulty sitting for long periods of time.

The Seventh Circuit has recognized that morbid obesity "might make it difficult for [a claimant] to sit for long periods of time, as sedentary work normally requires" and "the likely difficulties that morbidly obese persons ... face even in doing sedentary work are sufficiently obvious." *Browning*, 766 F.3d at 707; *Michael W. v. Kijakazi*, 2022 WL 3684628, at *2-3 (N.D. Ill. Aug. 25, 2022) (remanding ALJ's decision "because it lacks an adequate discussion of Plaintiff's sitting abilities (or lack thereof)" in light of her obesity); *Stevens v. Colvin*, No. 2016 WL 1535156, at *4-5 (N.D. Ill. Apr. 15, 2016) (remanding for the ALJ to analyze how claimant's extreme obesity interacted with her other impairments and how that interaction factored into

8

her RFC). Clearly, the ALJ thought Claimant's obesity did not have an impact on her ability to sit and perform sedentary work, but he should have explained how he reached that conclusion and tied it to evidence in the record. Without that explanation, the Court cannot trace the path of the ALJ's analysis to his conclusion, and the Court cannot, and will not, speculate.

In his decision, the ALJ acknowledged that Claimant had difficulty sitting for long periods of time due to pain. (R.1456, 1459). However, the ALJ did not specifically address the pain Claimant said she experienced when sitting for longer periods of time notwithstanding his determination that she could perform sedentary work. With respect to an ALJ's obligation to consider the evidence of record, the law is clear that the ALJ "may not ignore entire swaths of it that point toward a finding of disability." *Lothridge v. Saul*, 984 F.3d 1227, 1234 (7th Cir. 2021); *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding."). If the ALJ did consider the evidence that Claimant said she could not sit for long periods of time and rejected it or was not persuaded by it, he does not say that. The ALJ also does not explain how or why including a restriction in the RFC that Claimant should have the "ability to alternate into a standing position once per hour for five minutes while remaining on task" would accommodate any limitations Claimant may have in sitting for a long period of time. (R.1456). The Court cannot speculate. Therefore, remand is required.

9

Claimant also challenges the ALJ's analysis of her subjective symptoms. Claimant's Brief [ECF No. 10], at 12-15. The ALJ acknowledged that Claimant reported that she experienced some pain. (R.1456, 1459). The ALJ, however, does not further address her complaints of pain when formulating the RFC other than to say that she "reported decreased pain with injections and therapy" which in the ALJ's opinion "demonstrate[d] the claimant was more capable that she alleged." (R.1463). The Seventh Circuit, however, repeatedly has noted that "pain alone can be disabling," even in the absence of objective test results that evidence a disabling condition. *Stark v. Colvin*, 813 F.3d 684 (7th Cir. 2016); *Carradine v. Barnhart*, 360 F.3d 751, 753 (7th Cir. 2004). Although the ALJ is not required to accept Claimant's testimony or other evidence about her pain or any other complaints without question, the ALJ must at least minimally explain why he did not fully credit that testimony and/or how the limitations he included in the RFC accommodate Claimant's subjective symptoms and complaints. The ALJ did not do so here. While the ALJ points out that there are some normal findings and examinations in the record, those findings do not completely negate the fact that Claimant testified she was in pain every day and that she could not sit for long periods of time. (R.1456, 1459). Without further explanation, the Court cannot trace the ALJ's reasoning as to why he accepted some of Claimant's complaints but not others and which complaints he determined were not supported by the medical evidence and why.

In the Court's view, this is an unfortunate result in this case. The ALJ clearly believed that Claimant had the ability to work during the closed period of time, and

10

there is evidence in the record that shows Claimant's symptoms continued to improve during this time. The problem with the ALJ's analysis is that he does not adequately explain how the RFC takes into consideration some of Claimant's limitations. Without a more fulsome discussion, it is impossible for this Court to conclude that the ALJ built an accurate and logical bridge from the evidence to his conclusions. *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). The Court cannot assume or speculate what the ALJ was thinking. Although the ALJ claimed to credit Claimant's testimony, the additional limitations he purported to include in the RFC to accommodate Claimant's symptoms and complaints do not fully address Claimant's asserted limitations. On remand, the ALJ should provide a sufficient explanation as to what evidence he considered, how he weighed that evidence, and why he made the findings he made.

The Court is mindful of the deference that is owed to an ALJ's decision under the substantial evidence standard and that a reviewing court should not substitute its judgment for that of the ALJ's by reweighing the evidence. Although this standard is generous, it is not entirely uncritical. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). In this case, the Court is not persuaded by the Commissioner's arguments and agrees with Claimant that the ALJ's explanation for his decision in this case is legally insufficient. The Court is not reweighing the evidence. There simply is not enough of an explanation (*i.e.*, the logical bridge between the evidence and the ALJ's ultimate conclusions) to be able to conclude that the ALJ's decision is supported by substantial evidence. This does not mean the Court agrees with Claimant that she is disabled

11

within the meaning of the applicable law and that she cannot work. Rather, it means that the ALJ did not sufficiently explain his analysis of Claimant's subjective symptoms for the Court to be able to conclude that the ALJ's decision is supported by substantial evidence. Therefore, remand is required for the reasons discussed above.

Claimant's last argument is that the upper extremity limitation in the RFC is flawed because the ALJ misunderstood a finding made by the consultative examining physician, Dr. Benjamin Lumicao, M.D., and as a result, the ALJ erroneously analyzed the opinions of the state agency physicians who relied on Dr. Lumicao's findings. Claimant's Brief [ECF No. 10], at 6-8. Because this case is being remanded for other reasons discussed above, the Court declines to address this argument and, therefore, does not express any opinion on the decision to be made on remand. The Court, however, encourages the ALJ to evaluate all relevant evidence on remand and provide enough explanation for the Court to be able to conclude that the upper extremity limitation in the RFC is supported by substantial evidence.

Finally, the Court cautions Clamant not to read more into this decision than the Court intends. There is significant evidence in the record that Claimant's symptoms improved during the period at issue, and she eventually returned to work. Based on Claimant's activities and other evidence in the record, the Court understands why the ALJ found that Claimant may not have been as disabled as she claimed to be during the period at issue, particularly in light of the fact that there was little evidence in the record from June 2017 through October 3, 2019, after which Claimant returned to work. (R.1461-1462). The ALJ, however, must provide more

12

explanation and a logical bridge between the evidence in the record and his ultimate finding that Claimant was cable of sustaining sedentary work with prolonged sitting to show that his decision is supported by substantial evidence. Therefore, the standard of review requires remand on this record. *See, e.g., Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009); *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000); *Luna v. Shalala*, 22 F.3d 687, 693 (7th Cir. 1994).

## CONCLUSION

Accordingly, for all the reasons set forth above, Claimant's Brief in Support of Reversing of the Decision of the Commissioner of Social Security [ECF No. 10] is granted, and the Commissioner's Motion for Summary Judgment [ECF No. 13] is denied. This matter is remanded to the Social Security Administration for further proceedings consistent with this Opinion.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: March 10, 2025